1  Jayson M. Lorenzo, Esq. (State Bar No. 216973)
   Ryan J. Altomare, Esq. (State Bar No. 306581)
2  J. Lorenzo Law
   2292 Faraday Avenue, Suite 100
3  Carlsbad, CA 92008
   Telephone: (760) 560-2515
4  Facsimile: (760) 520-7900

5  Attorneys for Defendant,
   CAPTAIN'S EXCURSIONS, LLC

6

7

8              **UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10
   DOUGLAS PERRINE,                    ) Case No.  21-CV-00079-AJB-AGS
11                                      )
                                        )
12         Plaintiff,                   ) **DEFENDANT CAPTAIN'S**
                                        ) **EXCURSIONS, LLC'S ANSWER**
13     vs.                              ) **TO PLAINTIFF DOUGLAS**
                                        ) **PERRINE'S FIRST AMENDED**
14 CAPTAINS EXCURSIONS, LLC dba         ) **COMPLAINT AND DEMAND FOR**
   SAN DIEGO SAILING TOURS, a           ) **JURY TRIAL**
15 California Limited Liability Company; )
   and DOES 1-10, inclusive            )
16                                      ) Judge: Hon. Anthony J. Battaglia
                                        )
17         Defendants.                  )
                                        ) Complaint Filed: Jan. 14, 2021
18                                      )
                                        )
19                                      ) JURY TRIAL DEMANDED
                                        )
20 _____ )

21

22

23

24
        COMES NOW Defendants CAPTAIN'S EXCURSIONS, LLC dba SAN
25
   DIEGO SAILING TOURS, a California Limited Liability Company
26

27

28

                              1
─────────────────────────────────────────────
           ANSWER TO FIRST AMENDED COMPLAINT

("Defendant") by and through its attorneys, J. Lorenzo Law and answers Plaintiff DOUGLAS PERRINE's ("Plaintiff") first amended complaint as follows:

## I. THE PARTIES

1.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and accordingly, denies the same.

2.     Admit.

3.     Defendant admits that via the website www.sandiegosailingtours.com (and all associated sub-Uniform Resource Locators)(URLs)) (the "Websites") it promotes and sells sailing tours of San Diego. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint, and accordingly, denies the same.

4.     Defendant admits that during all relevant times it owned, managed, supervised, and/or controlled the commercial website http://www.sandiegosailingtours.com (and all associated URLs). Except as so admitted, Defendant denies the remaining allegations of Paragraph 4 entirely.

5.     Defendant admits that it uses the Websites to advertise, market, and promote its business. Except as so admitted, Defendant denies the remaining allegations of Paragraph 5 entirely.

ANSWER TO FIRST AMENDED COMPLAINT

6.      Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and accordingly, denies the same.

7.      Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint, and accordingly, denies the same.

## II.   <u>JURISDICTION AND VENUE</u>

8.      Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and accordingly, denies the same.

9.      Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and accordingly, denies the same.

10.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and accordingly, denies the same.

11.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and accordingly, denies the same.

12.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and accordingly, denies the same.

13.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and accordingly, denies the same.

### III. FACTUAL ALLEGATIONS

14.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and accordingly, denies the same.

15.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint, and accordingly, denies the same.

16.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint, and accordingly, denies the same.

17.     Admit.

18.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint, and accordingly, denies the same.

19.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint, and accordingly, denies the same.

20.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint, and accordingly, denies the same.

21.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and accordingly, denies the same.

22.     Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and accordingly, denies the same.

23.     Deny.

24.     Admit.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Defendant admits that it has always had the capacity and opportunity to control the images copied/reproduced, uploaded/downloaded, publicly displayed, and distributed on the Website as the corporate owner at all times. Except as so admitted, Defendant denies the remaining allegations of Paragraph 28 entirely.

29.   Deny.

30.   Deny.

31.   Deny.

32.   Deny.

33.   Deny.

34.   Deny.

## IV. FIRST CLAIM FOR RELIEF FOR DIRECT COPYRIGHT INFRINGEMENT PURSUANT TO 17 U.S.C. §§ 106 and 501

**(Against All Defendants)**

35.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and accordingly, denies the same.

36.   Deny.

37.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint, and accordingly, denies the same.

38.   Deny.

39.   Deny.

40.   Deny.

41.   Deny.

42.   Deny.

43.   Deny.

44.   Deny.

## V. SECOND CLAIM FOR RELIEF FOR SECONDARY COPYRIGHT INFRINGEMENT

### (Against Defendant Captain's Excursions, LLC dba San Diego Sailing Tours and Does 1-10)

45.   Defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint, and accordingly, denies the same.

46.   Deny.

47.   Deny.

48.   Deny.

49.   Deny.

50.   Deny.

51.   Deny.

### PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the requested relief or remedies under Prayer paragraphs 1 through 7.

/ / /

/ / /

/ / /

/ / /

**DEFENDANT'S AFFIRMATIVE DEFENSES**

1.     Defendant reserves the right to supplement its affirmative defenses as the action proceeds.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

2.     Plaintiff's Complaint and each purported claim against Defendant therein fail to state facts upon which relief can be granted against Defendant under Fed. R. Civ. P. 12(B)(6) and case law interpreting the same.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Copyrightable Subject Matter)**

3.     Plaintiff's purportedly copyrighted works are not subject to copyright protection because they are not original, they lack copyrightable subject matter, and/or are works in the public domain.

**THIRD AFFIRMATIVE DEFENSE**

**(Copyright Non-Infringement)**

4.     Defendant has not infringed Plaintiff's alleged copyrights and Defendant's work is not substantially similar to Plaintiff's purported copyright.

**FOURTH AFFIRMATIVE DEFENSE**

**(Fair Use)**

5.     Defendant's conduct constitutes fair use, if any, of Plaintiff's purported copyrighted work.

## FIFTH AFFIRMATIVE DEFENSE

### (No Willfulness)

6.      Defendant's alleged acts of infringement were without willfulness and were done in the good faith belief that such acts were duly authorized and proper.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

7.      Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed its efforts to enforce its rights, if any, despite is full awareness of Defendants' actions.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver, Acquiescence, and Estoppel)

8.      The claim set forth in the Complaint are barred by the doctrines of waiver, acquiescence, and estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Express License)

9.      Defendant was granted an express license to copy, distribute, and/or use the work in question, and as such, Plaintiff's claim is barred.

## NINTH AFFIRMATIVE DEFENSE

### (Implied License)

10.      Defendant was granted an implied license to copy, distribute, and/or use the work in question, and as such, Plaintiff's claim is barred.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.     Any alleged infringement is barred by the statutes of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. §507, and as set forth in California Civil Code §339(1).

### ELEVENTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

12.     Plaintiff has engaged in one or more acts that have misused his copyrights including but not limited to having wrongfully attempted to extend the scope of the limited monopoly granted by the Copyright Act. Defendant reserves the right to assert one or more antitrust related claims.

### RESERVATION OF DEFENSES

13.     Defendant hereby reserves the right to supplement its defenses as discovery proceeds in this case.

### DEFENDANT'S DEMAND FOR JURY TRIAL

1.     Defendant hereby demands a trial by jury on all issues so triable.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment that:

(a) Defendant has not infringed any of Plaintiff's copyrights, if any;

(b) Plaintiff's copyright infringement claim is barred;

(c) The Complaint be dismissed in its entirety with prejudice;

(d) Plaintiff be required to pay Defendant the costs of suit including, without limitation, reasonable attorneys' fees and costs as may be allowed by law; and

(e) Defendant be awarded such other and further relief as the Court deems just and proper.

DATED: April 20, 2021                              J. LORENZO LAW


By:_/s/ Ryan J. Altomare_____
Jayson M. Lorenzo
Ryan J. Altomare
Attorneys for Defendant
CAPTAIN'S EXCURSIONS, LLC

## CERTIFICATE OF SERVICE

### DOUGLAS PERRINE v. CAPTAINS EXCURSIONS, LLC., ET AL.

### 21-CV-00079-AJB-AGS

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service were served with a copy of the foregoing documents on April 20, 2021 via the Court's CM/ECF system per Section 2.d.3 of the Southern District of California's Electronic Case filing Administrative Policies and Procedure Manual.

**DEFENDANT CAPTAIN'S EXCURSIONS, LLC'S ANSWER TO PLAINTIFF DOUGLAS PERRINE'S FIRST AMENDED COMPLAINT**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Carlsbad, California, on **April 20, 2021**

__/s/ *Ryan J. Altomare*_____
Ryan J. Altomare

ANSWER TO FIRST AMENDED COMPLAINT